

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2009

# USA v. Arthur D'Amario, III

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Arthur D'Amario, III" (2009). *2009 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3293
_____

UNITED STATES OF AMERICA

vs.

ARTHUR D'AMARIO, III,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1-01-cr-00346-001)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and IOP 10.6
November 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed : December 18, 2009)

_____

OPINION
_____

PER CURIAM.

        Arthur D'Amario, III, appeals from the District Court's denial of his motion

to quash a subpoena. For the following reasons, we will summarily affirm. See 3rd Cir. LAR 27.4 and IOP 10.6.

In December 2001, a federal jury convicted Arthur D'Amario of threatening a United States District Judge in violation of 18 U.S.C. § 115(a)(1)(B). See United States v. D'Amario, 350 F.3d 348 (3d Cir. 2003) (vacating and remanding for sentencing). Eight years after his conviction, D'Amario has filed a motion to quash the subpoena compelling the testimony from his attorney, Ed Roy, before the grand jury in May 2001. Apparently, D'Amario believes that Roy's testimony violated the attorney-client privilege. The District Court denied the motion, and D'Amario filed a timely notice of appeal from that order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the decision to quash a grand jury subpoena for abuse of discretion." Impounded, 241 F.3d 308, 312 (3d Cir. 2001). We summarily affirm an order of the district court "when 'no substantial question' is presented by the appeal." United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam) (citation omitted).

Pursuant to a promptly made motion, a district court may quash or modify a subpoena if compliance with it would be unreasonable or oppressive. See Fed. R. Crim. P. 17(c)(2). Here, we agree with the District Court that a motion to quash filed eight years after the grand jury handed down the indictment is not promptly made. See, e.g., United States v. Kleen Laundry & Cleaners, Inc., 381 F. Supp. 519, 523 (E.D.N.Y. 1974)

2

(motion to quash subpoena must be made when the abuse becomes apparent, not after the indictment is handed down and long after any possibly abusive conduct has ceased). Therefore, the District Court did not abuse its discretion in denying the motion.

Because D'Amario's appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and IOP 10.6.

3